IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CALVIN GLOVER,

                      Plaintiff,

   v.

CO SCHRAUFNAGEL,[1]

                      Defendant.

OPINION & ORDER

14-cv-864-jdp

---

     Pro se plaintiff Calvin Glover is a prisoner in the custody of the Wisconsin Department of Corrections, currently housed at the Columbia Correctional Institution (CCI). Glover filed a complaint alleging that a CCI correctional officer, CO Schraufnagel, was deliberately indifferent to Glover's safety when he drafted a conduct report falsely stating that Glover provided information against another inmate. Glover alleges that Schraufnagel knew or should have known that naming Glover in the report "created a substantial and unreasonable risk to [his] health and safety." Dkt. 1, at 3. I granted Glover leave to proceed on an Eighth Amendment deliberate indifference claim and a state-law libel claim against Schraufnagel. Dkt. 15.

     Now the parties have filed cross-motions for summary judgment. Dkt. 22 and Dkt. 25. Glover moves for summary judgment on his Eighth Amendment claim; Schraufnagel moves for summary judgment on both claims. Because Glover has not adduced evidence sufficient to sustain his Eighth Amendment claim, I will grant summary judgment in Schraufnagel's favor

---

[1] Defendant's name is spelled "Schraufnagel," not "Schraufragel," and I have updated the caption accordingly.

on that claim and will decline to exercise supplemental jurisdiction over Glover's state-law claim.

UNDISPUTED FACTS

Except where noted, the following facts are undisputed.

On September 23, 2014, while searching Glover's cell, CCI correctional officer James Schraufnagel found a calculator marked with another inmate's name—Julius Coleman. Schraufnagel investigated and determined that Coleman did not own a calculator, that the calculator belonged to CCI's school, that Coleman had not checked out the calculator, and that Coleman did not attend CCI's school. So Schraufnagel wrote a conduct report charging Coleman with theft and other rules violations. In the report, Schraufnagel noted that Glover had told him that he received the calculator from Coleman. The parties dispute whether Glover said anything about getting the calculator from Coleman.

The next day, Coleman confronted Glover about the conduct report and what Glover purportedly told Schraufnagel. According to Glover, other prisoners have ostracized him and labeled him a "snitch" as a result of the conduct report.

On October 13, 2014, another inmate assaulted Glover. Glover told the Health Services Unit (HSU) that he "was doing leg lifts on the pull up bar at rec and another inmate came from behind and just kicked me." Dkt. 24-2, at 2. HSU observed a large purple bruise on the inside of Glover's left thigh and noted "[n]o deformities or swelling[. Range of motion] intact." *Id.* Glover reported that the inmate was "apologetic" and "thought he was someone else so it ended there and nothing came of it." *Id.* at 3. But now Glover says that the nurse lied in the

medical records. He told her that he didn't want to report the inmate who kicked him because he feared retaliation. Glover maintains that that inmate called him a snitch as he kicked him.

Schraufnagel states that he was not aware that other inmates had labeled Glover a snitch. Glover never told him that others thought he was a snitch or that he believed he was in danger. Glover asked Schraufnagel to amend his report, to clarify that Glover never told Schraufnagel that Coleman had given him the calculator. But that was it. Glover did not tell Schraufnagel that the conduct report had caused him trouble until after the October assault.

ANALYSIS

The court must enter summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the parties have filed cross-motions for summary judgment, the court "look[s] to the burden of proof that each party would bear on an issue of trial; [and] then require[s] that party to go beyond the pleadings and affirmatively to establish a genuine issue of material fact." *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997). If either party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment against that party is appropriate. *Mid Am. Title Co. v. Kirk*, 59 F.3d 719, 721 (7th Cir. 1995) (quoting *Tatalovich v. City of Superior*, 904 F.2d 1135, 1139 (7th Cir. 1990)). "As with any summary judgment motion, this [c]ourt reviews these cross-motions 'construing all facts, and drawing all reasonable inferences from those facts, in favor of . . . the

non-moving party.'" *Wis. Cent., Ltd. v. Shannon*, 539 F.3d 751, 756 (7th Cir. 2008) (quoting *Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 748 (7th Cir. 2007)).

"[S]ummary judgment 'is the "put up or shut up" moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.'" *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (quoting *Schacht v. Wis. Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999)). A mere "scintilla of evidence" is not enough to survive. *Pugh v. City of Attica*, 259 F.3d 619, 625 (7th Cir. 2001).

## A. Eighth Amendment

"Because officials have taken away virtually all of a prisoner's ability to protect himself, the Constitution imposes on officials the duty to protect those in their charge from harm from other prisoners." *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008) (quoting *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001)). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To maintain an Eighth Amendment deliberate indifference claim, a prisoner must adduce evidence that he was "incarcerated under conditions posing a substantial risk of serious harm," and that the defendant was deliberately indifferent to that risk. *Id.* at 834. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A prison official has "an obligation 'to take reasonable measures to abate [the risk]'" only if he *knows* about it. *Dale*, 548 F.3d at 569 (quoting *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006)). A prison official is deliberately indifferent if he "knew of a serious danger to [the prisoner] (really knew—not just should have known, which would be all that would be required

in a negligence case) and could easily have prevented it from materializing but failed to do so." *Case v. Ahitow*, 301 F.3d 605, 605 (7th Cir. 2002).

The plight of the prison snitch is well known; even the Seventh Circuit has acknowledged that "it's common knowledge that snitches face unique risks in prison." *Dale*, 548 F.3d at 570. But "a prison official does not violate the Eighth Amendment every time an inmate gets attacked by another inmate." *Id.* at 569. A prisoner has an Eighth Amendment claim against a prison official only if he can show that the official knew of and deliberately disregarded a specific, excessive risk to the prisoner's health or safety. *Id.*

Here, Glover has adduced evidence that Coleman confronted him about the conduct report, that other inmates thought he snitched, and that an inmate assaulted him. But Glover has not adduced any evidence that Schraufnagel *knew* about any of it. Glover contends that Schraufnagel *should have known* that those things would happen after the conduct report. But as discussed, "should have known" is not enough under the Eighth Amendment. *See Grieveson v. Anderson*, 538 F.3d 763, 775-76 (7th Cir. 2008) ("Grieveson presented no evidence that any of the named defendants were aware that Grieveson was perceived as a snitch by his fellow inmates. The mere fact that Grieveson thought he was considered a snitch does not allow a factfinder to conclude 'that a prison official knew of a substantial risk from the very fact that the risk was obvious.' . . . Any risk to Grieveson's safety on account of the 'snitch' label was not obvious." (quoting *Mayoral*, 245 F.3d at 938)).

And even if it were obvious that Schraufnagel's report would mark Glover as a snitch, Glover cannot show that Schraufnagel was deliberately indifferent to a substantial risk of serious harm. "[I]t is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." *Babcock v. White*, 102

5

F.3d 267, 272 (7th Cir. 1996). The Eighth Amendment guards against the "failure to prevent harm," not the "failure to prevent exposure to risk of harm." *Id.* (quoting *Farmer*, 511 U.S. at 834). Glover has not adduced any evidence that Schraufnagel knew that Glover faced a specific risk of serious harm—a "reasonably preventable assault"—and that Schraufnagel purposefully ignored the threat. In these types of cases, a prisoner usually proves actual knowledge and deliberate indifference by showing that he told the defendant about a specific threat to his safety. *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (collecting cases). Here, Glover did no such thing. Glover has not adduced any evidence that Schraufnagel had advanced warning of the assault and was deliberately indifferent to it. "Just because a correctional officer knows an inmate has been branded a snitch—and it's common knowledge that snitches face unique risks in prison—does not mean that an officer violates the Constitution if the inmate gets attacked." *Dale*, 548 F.3d at 570.

I will grant Schraufnagel's motion for summary judgment on Glover's Eighth Amendment claim.

**B. Libel**

That leaves Glover's state-law libel claim. Glover asks me to send the claim to trial, and Schraufnagel concedes that genuine disputes of material fact prevent the court from entering summary judgment. Because the claim is not amenable to adjudication short of trial, I will decline to exercise supplemental jurisdiction over it.

Under 28 U.S.C. § 1367, the court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." But "it is the well-established law of this circuit that the usual practice is to

dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). I see no strong reason to depart from the circuit's general rule. I will decline to exercise supplemental jurisdiction over Glover's state-law claim.

ORDER

IT IS ORDERED that:

1. Plaintiff Calvin Glover's motion for summary judgment, Dkt. 22, is DENIED.

2. Defendant CO Schraufnagel's motion for summary judgment, Dkt. 25, is GRANTED in part and DENIED in part. Plaintiff's Eighth Amendment claim is dismissed with prejudice. His state-law claim is dismissed without prejudice.

3. The clerk of court is directed to enter judgment in favor of defendant dismissing all of plaintiff's claims and close the case.

Entered August 31, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge